IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



NICHOLAS D. TRBOVICH, JR.,
et al.,

    Plaintiffs,

v.                               Civil Action No. 3:16cv302

JOSEPH L. GARCIA and
VICKI SHUNKWILER GARCIA,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the MOTION AND ORDER TO REINSTATE (ECF No. 19) and the MOTION TO VACATE ENTRY OF DEFAULT AND PERMIT DEFENDANT VICKI SHUNKWILER GARCIA TO ANSWER (ECF No. 20) filed by the defendant, Vicki Shunkwiler Garcia, and the responses and reply thereto. For the reasons set forth below, the MOTION AND ORDER TO REINSTATE (ECF No. 19) and the MOTION TO VACATE ENTRY OF DEFAULT AND PERMIT DEFENDANT VICKI SHUNKWILER GARCIA TO ANSWER (ECF No. 20) will be denied.

## BACKGROUND FACTS

The Plaintiffs filed their Complaint on May 20, 2016 against Mrs. Garcia and her husband, Joseph L. Garcia, seeking judgment on a $125,000.00 loan that the Plaintiffs made to the defendants. On May 25, 2016, Mrs. Garcia was served by a private process server who

posted the summons and a copy of the Complaint on the front door of her residence. Within the twenty-one (21) day period permitted by Fed. R. Civ. P. 12, Mrs. Garcia had filed no responsive pleadings. On June 30, 2016, the Plaintiffs filed their AMENDED MOTION FOR ENTRY OF DEFAULT (ECF No. 5) and a Certificate of Service shows that copies of the Complaint, summonses and the AMENDED MOTION FOR ENTRY OF DEFAULT were mailed to Mrs. Garcia on that date.

On July 8, 2016, Mrs. Garcia left a voicemail message at the office of Plaintiffs' counsel and therein advised that she had received the Amended Motion for Entry of Default and wished to discuss the matter with Plaintiffs' counsel. Plaintiffs' counsel returned the telephone call the same day but was unable to communicate personally with Mrs. Garcia, instead leaving a voicemail message.

On July 12, 2016, the Clerk entered default against Mrs. Garcia pursuant to Fed. R. Civ. P. 55(a). On July 15, 2016, Plaintiffs' counsel communicated by telephone with Erin Smith, Esquire, who represented that her firm, the Peninsula Center, had been retained to represent Mrs. Garcia. Thereafter, counsel for Mrs. Garcia and the Plaintiffs discussed potential settlement, but no agreement was ever reached and no repayment was ever made. Accordingly, on August 12, 2016, the Plaintiffs filed their MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST VICKI SHUNKWILER GARCIA (ECF No. 7). The same day, Plaintiffs' counsel emailed a copy of that motion to Ms. Smith.

Thereafter, the Court requested that the Plaintiffs submit a proposed Order awarding judgment against Mrs. Garcia. That proposed Order was submitted on August 19, 2016, and, on the same day, a copy of it was emailed to Ms. Smith.[1] However, there were no pleadings filed in response to the Motion for Entry of Default Judgment and, on August 24, 2016, the Court entered the ORDER AWARDING JUDGMENT AGAINST VICKI SHUNKWILER GARCIA (ECF No. 11). And, that same day, Plaintiffs' counsel spoke by telephone with Ms. Smith and advised her that the Court had just entered default judgment against Mrs. Garcia. During the conversation, Ms. Smith advised that she would be filing a motion to set aside the default judgment. Nothing was forthcoming however.

Then, thirty-five (35) days later, on September 29, 2016, Plaintiffs' counsel informed Ms. Smith by email that he anticipated commencing execution on the judgment soon. There was no response. Thereafter, in furtherance of the execution process, counsel for the Plaintiffs' recorded the judgment against Mrs. Garcia in the Circuit Court for the County of New Kent, Virginia where she and her husband own real property. Thereafter, the Circuit Court for the County of New Kent, Virginia issued a summons to answer interrogatories and that was duly served upon Mrs. Garcia. Plaintiffs' counsel

---

[1] Because no appearance had been made and default had been entered, Plaintiffs' counsel was not required to serve Ms. Smith or Mrs. Garcia with copies of anything. Nonetheless, as a courtesy, Plaintiffs' counsel did provide Ms. Smith, Mrs. Garcia's counsel, copies of what was filed.

scheduled a debtor's examination, under Virginia procedure, for November 11, 2016. That examination was to be held before the Commissioner in Chancery for the Circuit Court of the County of Henrico. Throughout that time neither the Plaintiffs' counsel nor the Court received any communication from Mrs. Garcia or her counsel.

Then, on October 26, 2016, the motions that are presently before the Court were filed seeking (1) to have the default judgment and entry of default set aside, and (2) leave to file an Answer. Simply put, more than two months after notice that there was a default judgment on record no action was taken with the Court and no communication was had with Plaintiffs' counsel.

Plaintiffs' counsel has now learned that Mrs. Garcia and her husband intend to sell their home in New Kent County where the judgment is a matter of record. If the default judgment is set aside, the recordation of it will be of no effect. Against these facts, the current motions must be decided.

### DISCUSSION

As Plaintiffs note, Mrs. Garcia's motion is not in compliance with Local Civil Rule 7(F)(1) because it is not accompanied by a brief setting forth citations and authorities upon which the movant relies. The only citation of authority cited in that brief is Fed. R. Civ. P. 55. That insufficiency alone would be reason to deny the motions.

However, it is preferable not to predicate a decision of this sort on a procedural failure.

Mrs. Garcia's motion is filed putatively under Fed. R. Civ. P. 55 seeking permission to set aside the default. That rule provides as follows: "The Court may set aside an entry of default for good cause and it may set aside a final default judgment under Rule 60(b)." Accordingly, because a final default judgment has been entered, the analysis here must proceed under Fed. R. Civ. P. 60(b).

Rule 60(b) articulates the grounds upon which relief may be had from a final judgment. There are six reasons set out in the rule that, if shown to exist, permit the exercise of this rather extraordinary judicial power.

It is somewhat difficult to discern from the skimpy papers filed by Mrs. Garcia's counsel exactly what part of Rule 60(b) is thought to be the predicate for the relief sought. However, in the response to the Plaintiffs' opposition papers (ECF No. 24), the argument is made that "Mrs. Garcia's failure to respond to the Complaint meets the criteria of both 'mistake' and 'excusable neglect.'" (ECF No. 24, p. 6). Excuse is permitted upon a showing of mistake and excusable neglect under Rule 60(b)(1). Here, it is suggested that the mistake was that Mrs. Garcia was not a party to the underlying borrowing transaction that is at issue in the suit and that the Plaintiffs "mistakenly included Ms. Garcia as a Defendant in this

5

action." Also asserted as grounds for mistake was "Defendant's belief she did not need to respond to the Complaint." The same conduct also is said to constitute "excusable neglect" because Mrs. Garcia's "assumptions regarding her responsibilities to respond to the complaint are completely understandable from a layperson's point of view."

To begin, Mrs. Garcia cites no authority for application of the terms "mistake" and "excusable neglect" on the rationale that she advances in her papers. Moreover, the entire argument is frivolous because, by July 8, 2016, Mrs. Garcia was fully aware that a motion to find her in default had been filed. Further, one week later, on July 15, 2016, Mrs. Garcia's counsel, Ms. Smith, advised Plaintiffs' counsel that her firm, the Peninsula Center, had been retained to represent Mrs. Garcia. Under the circumstances, a prudent lawyer certainly would have filed promptly a motion to set aside the default. That simply was not done.

Between July 15 and August 12, 2016, Ms. Smith and Plaintiffs' counsel discussed possible resolution of the dispute but no agreement was reached. Therefore, on August 12, 2016, Plaintiffs' counsel filed a motion for entry of default judgment and a copy of that motion was sent to Ms. Smith, Mrs. Garcia's counsel. Nonetheless, counsel filed no response to the motion for entry of default judgment. The entry of default judgment occurred on August 24, 2016, and

Plaintiffs' counsel told Ms. Smith about the entry of default judgment during a telephone conversation held on that date. Remarkably, Ms. Smith advised that she would be filing a motion to set aside the default judgment. However, she did nothing and thirty-five (35) days later, a quite reasonable period of time to wait under the circumstances, counsel for the Plaintiffs began the process of executing on the judgment by recording it and by arranging for debtor's interrogatories and a debtor's examination to occur.

Mrs. Garcia has cited and the Court has found no authority that, under these circumstances, it would be appropriate to find the presence of a mistake or excusable neglect. Also, the Court finds that relief under these circumstances would unfairly prejudice the Plaintiffs who have already begun the process of executing on the default judgment, and relief from the judgment would present significant difficulties in the execution process that is already underway in state court.

Furthermore, Mrs. Garcia has not tendered any evidence of a valid defense to the claim. It is her contention that she was not a party to the underlying transaction. That bald assertion is not sufficient however to constitute proof of the existence of a valid defense that would be sufficient under the law applicable to invocation of Rule 60(b)(1).

Although Mrs. Garcia says that she was not properly served, the record shows that, in fact, she was properly served. Nonetheless, she does not seem to any longer contend that there is a ground for relief under Rule 60(b)(4) which permits relief from a void judgment. In any event, the judgment here is neither void nor voidable.

Finally, it is suggested that problems that occurred within the law firm representing Mrs. Garcia warrant excuse from the judgment. As the Court understands it, the argument is that one lawyer who was handling the case went on maternity leave and another lawyer did not pick up the case in time to do anything about it. That simply is not appropriate grounds for a finding of excusable neglect. Although such conduct constitutes neglect of the obligation owed to a client, it is not excusable neglect under the law. Indeed, when circumstances such as that arise, it is the obligation of the lawyers and law firms to attend to the affairs of the client whose lawyer must depart for maternity leave or sickness or, for that matter, any other reason.

In sum, there is no ground for relief that has been established by Mrs. Garcia and therefore the pending motions will be denied.

## CONCLUSION

For the foregoing reasons, the MOTION AND ORDER TO REINSTATE (ECF No. 19) and the MOTION TO VACATE ENTRY OF DEFAULT AND PERMIT DEFENDANT VICKI SHUNKWILER GARCIA TO ANSWER (ECF No. 20) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 6, 2016